# U.S. District Court
# Eastern District of New York (Central Islip)
# CRIMINAL DOCKET FOR CASE #: 2:15−mj−00363−AYS All Defendants

Case title: USA v. Singh

Date Filed: 04/21/2015
Date Terminated: 04/21/2015

Assigned to: Magistrate Judge
Anne Y. Shields

**Defendant (1)**

**Rajinder Singh**
*TERMINATED: 04/21/2015*

represented by **Tracey E. Gaffey**
Federal Defenders of New York
770 Federal Plaza
Central Islip, NY 11722
(631) 712−6500
Fax: (631) 712−6505
Email: tracey_gaffey@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level
(Terminated)**

None

**Complaints**

18:371 and 844(i) An Arrest
Warrant was Issued by the USDC
for the EDMI Charging the
Defendant with Conspiracy of
Malicious Use of Fire

**Disposition**

**Plaintiff**

**USA**                                          represented by  **Andrey Spektor**
                                                 U.S. Attorney's Office, EDNY
                                                 221a Cadman Plaza East
                                                 Brooklyn, NY 11201
                                                 718–254–6475
                                                 Fax: 718–254–6605
                                                 Email: andrey.spektor@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/20/2015 | | 3 | Arrest (Rule 40) of Rajinder Singh (Gledhill, Rosemary) (Entered: 04/27/2015) |
| 04/21/2015 | 1 | 4 | REMOVAL as to Rajinder Singh to the Eastern District of Michigan, sworn before Magistrate Judge Anne Y. Shields. (Attachments: #(1) Exhibit A – Indictment, #(2) Exhibit B – Arrest Warrant) (Gledhill, Rosemary) Modified docket text on 4/27/2015 (Mahon, Cinthia). (Entered: 04/27/2015) |
| 04/21/2015 | 2 | 17 | CJA 23 Financial Affidavit by Rajinder Singh (Gledhill, Rosemary) (Entered: 04/27/2015) |
| 04/21/2015 | 3 | 18 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields: Defendant present in custody with Federal Defender counsel, Tracy Gaffey. Government: Andrey Spektor Initial Appearance in Rule 5(c)(3) Proceedings as to Rajinder Singh held on 4/21/2015 at 3:00 pm. Appearance entered by Tracey E. Gaffey for Rajinder Singh on behalf of defendant. Added attorney Tracey E. Gaffey for Rajinder Singh. Arraignment as to Rajinder Singh (1) Removal hearing held on 4/21/2015. Identity hearing waived. Waiver of Rule 5 &5.1 Hearings executed. Commitment to another District executed. Order of Detention Pending Trial entered. (Tape #3:13–3:25.) (Gledhill, Rosemary) (Main Document 3 replaced on 4/28/2015) (Gledhill, Rosemary). (Entered: 04/28/2015) |
| 04/21/2015 | 4 | 19 | WAIVER of Rule 5(c)(3) Hearing by Rajinder Singh (Gledhill, Rosemary) (Entered: 04/28/2015) |
| 04/21/2015 | 5 | 20 | COMMITMENT TO ANOTHER DISTRICT as to Rajinder Singh. Defendant committed to the Eastern District of Michigan.Ordered by Magistrate Judge Anne Y. Shields on 4/21/2015. (Gledhill, Rosemary) (Entered: 04/28/2015) |
| 04/21/2015 | 6 | 21 | ORDER OF DETENTION pending trial as to Rajinder Singh. Ordered by Magistrate Judge Anne Y. Shields on 4/21/2015. (Gledhill, Rosemary) (Entered: 04/28/2015) |

```
MIME-Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants: Andrey Spektor (andrey.spektor@gmail.com, andrey.spektor@usdoj.gov),
Magistrate Judge Anne Y. Shields (alison_weintraub@nyed.uscourts.gov,
anne_shields@nyed.uscourts.gov, jasmine_torres@nyed.uscourts.gov,
rosalinde_casalini@nyed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:9684747@nyed.uscourts.gov
Subject:Activity in Case 2:15-mj-00363-AYS USA v. Singh Arrest - Rule 40
Content-Type: text/html
```

### U.S. District Court

### Eastern District of New York

**Notice of Electronic Filing**


The following transaction was entered on 4/27/2015 at 4:50 PM EDT and filed on 4/20/2015

**Case Name:**       USA v. Singh
**Case Number:**     2:15–mj–00363–AYS
**Filer:**
**Document Number:** No document attached
**Docket Text:**
 **Arrest (Rule 40) of Rajinder Singh (Gledhill, Rosemary)**


**2:15–mj–00363–AYS–1 Notice has been electronically mailed to:**

Andrey Spektor     andrey.spektor@usdoj.gov, andrey.spektor@gmail.com

**2:15–mj–00363–AYS–1 Notice will not be electronically mailed to:**

JJD:AS

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 2 1 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

RAJINDER SINGH,

          Defendant.

- - - - - - - - - - - - - - -X

R E M O V A L   T O   T H E
E A S T E R N   D I S T R I C T   O F
M I C H I G A N

Fed. R. Crim. P. 5

**15 - 0363M**

EASTERN DISTRICT OF NEW YORK, SS:

      Andrew Vasaka, being duly sworn, deposes and states that he is a Special Agent

with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), duly appointed

according to law and acting as such.

      Upon information and belief, on March 24, 2015, an arrest warrant was issued by

the United States District Court for the Eastern District of Michigan charging the defendant

RAJINDER SINGH with the malicious use of fire to commit a crime, wire fraud, and using

misleading communication to hinder a federal investigation.

      The source of your deponent's information and the grounds for his belief are as

follows:

      1.    On March 24, 2015, an indictment was returned by a Grand Jury in the

United States District Court for the Eastern District of Michigan charging the defendant

RAJINDER SINGH with six counts: Conspiracy, in violation of Title 18, Section 371;

Malicious Use of Fire, in violation of Title 18, Section 844; Wire Fraud, in violation of Title 18,

Section 1343; Misleading Communication to Hinder Investigation of a Federal Offense, in

2

violation of Title 18, Section 1512(b); Immigration Document Fraud, in violation of Title 18,

Section 1546(a); and Attempted Unlawful Naturalization, in violation of Title 18, Section

1425(a).   A copy of the indictment is attached hereto as Exhibit A.

      2.     On that same date, a warrant for the arrest of the defendant RAJINDER

SINGH was issued by the United States District Court for the Eastern District of Michigan.   A

copy of the warrant is attached hereto as Exhibit B.

      3.     On April 20, 2015, agents of the Federal Protective Service ("FPS")

arrested the defendant RAJINDER SINGH in Holtsville, New York.   The defendant presented

his Indian passport at the U.S. Citizenship and Immigration Services Office ("the Immigration

Office") in Holtsville, New York because he had lost his Green Card and required a

modification of his Indian passport.   A query of the defendant's name by the Immigration

Office in the National Crime Information Center returned an outstanding arrest warrant from

the Eastern District of Michigan.   The Immigration Office notified FPS, which placed the

defendant under arrest.   He was subsequently taken to a local police precinct, where he was

lodged overnight.

      4.     On April 21, 2015, I took custody of the defendant RAJINDER SINGH at

the precinct.   The defendant admitted to me that his name was RAJINDER SINGH, that he

lived Detroit, Michigan, and that his business had been destroyed by fire.   Based on the

foregoing, I was able to determine that the defendant was the same individual sought by the

Eastern District of Michigan.

3

WHEREFORE, your deponent respectfully requests that the defendant

RAJINDER SINGH be removed to the Eastern District of Michigan so that he may dealt with

according to law.

_____
Andrew Vasaka
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives


Sworn to before me this
21st day of April, 2015


s/ Anne Y. Shields
_____
THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

9

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

RAJINDER SINGH,

Defendant.

_____/

Case: 2:15-cr-20168
Judge: Leitman, Matthew F.
MJ: Stafford, Elizabeth A.
Filed: 03-24-2015 At 03:14 PM
SEALED MATTER (LG)

VIOLATIONS:
    18 U.S.C. § 371
    18 U.S.C. § 844(i)
    18 U.S.C. § 1343
    18 U.S.C. § 1512(b)(3)
    18 U.S.C. § 1546(a)
    18 U.S.C. § 1425(a)

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times pertinent to this indictment or as more specifically alleged:

1.    From approximately 2013 to 2014, defendant RAJINDER SINGH operated Robinson's Party Store, located at 1233 Southwest Avenue, Jackson, in the Eastern District of Michigan.

2.    Robinson's Party Store, also known as Robinson's Discount Liquor, is an assumed name of Ghotra & Ghotra LLC, owned by RAJINDER SINGH and his father. The company sold, among other things, alcohol and tobacco products.

3.     Robinson's Party Store was insured against fire and other losses to the property located at 1233 Southwest Avenue, Jackson, Michigan, by Auto-Owners Insurance Company doing business in Michigan and in other states. Auto-Owners Insurance Company's headquarters are in Lansing, Michigan.

4.     Robinson's Party Store's insurance contract with Auto-Owners Insurance Company specifically excluded coverage for any fire losses deliberately caused by the policy holder or its agents. It also excludes coverage if the policy holder or its agents intentionally conceals or misrepresents a material fact about a claim.

## COUNT ONE
### (18 U.S.C. § 371 - Conspiracy)

5.     The general allegations in paragraphs 1–4 of this indictment are specifically re-alleged and incorporated as if they were fully set forth here.

6.     In or about May 2014 through June 2014, the exact dates unknown to the grand jury, in the Eastern District of Michigan, defendant RAJINDER SINGH did conspire and agree with other persons, both known and unknown to the grand jury, to violate the laws of the United States, to wit, malicious use of fire in violation of 18 U.S.C. § 844(i).

OVERT ACTS

7.    In executing the conspiracy alleged in paragraph 6, defendant RAJINDER

SINGH offered to pay an individual to set fire to the building located at 1233 S.

West Ave., Jackson, Michigan, in which Robinson's Party Store operated.

8.    As part of the plan, defendant RAJINDER SINGH agreed to turn off the

security cameras in the store and loosen the metal bars on an external window to

allow for access into the store.

9.    On or about May 20, 2014, two men, known and unknown to the grand jury,

entered the store through the external window while another stood watch. Inside

the store, the men poured inflammatory materials throughout the store and set fire

to it as agreed.

All in violation of 18 U.S.C. §§ 371 and 844(i).

**COUNT TWO**
**(18 U.S.C. §§ 844(i), 2 – Malicious Use of Fire)**

10.    The general allegations in paragraphs 1–4 of this indictment are specifically

re-alleged and incorporated as if they were fully set forth here.

11.    On or about May 20, 2014, in the Eastern District of Michigan, defendant

RAJINDER SINGH did aid and abet others, known and unknown to the grand

jury, to maliciously damage and destroy by fire, and attempt to damage and destroy

by fire, a building used in activity affecting interstate commerce, specifically, the

building located at 1233 S. West Ave., Jackson, Michigan, in which Robinson's

Party Store operated, all in violation of 18 U.S.C. §§ 844(i), 2.

## COUNT THREE
### (18 U.S.C. § 1343 – Wire Fraud)

12.     The general allegations in paragraphs 1–4 of this indictment are specifically

re-alleged and incorporated as if they were fully set forth here.

13.     In or about May 2014 through March 2015, the exact dates unknown to the

grand jury, in the Eastern District of Michigan, defendant RAJINDER SINGH

devised and executed a scheme to defraud and to obtain money by means of

materially false and fraudulent pretenses and representations from Auto Owners

Insurance Company.

14.     It was part of the scheme that defendant RAJINDER SINGH would and did

intentionally damage and attempt to destroy by fire, and caused to be damaged and

destroyed by fire, the building located at 1233 S. West Ave., Jackson, Michigan, in

which Robinson's Party Store operated, to collect insurance proceeds for the

damage to his building, destroyed inventory, and lost business income from Auto

Owners Insurance Company.

15.     It was further part of the scheme that defendant RAJINDER SINGH offered

to pay an individual to cause the damage and destruction by fire of the building

located at 1233 S. West Ave., Jackson, Michigan, from the insurance proceeds

from Auto Owners Insurance Company.

16.    It was further part of the scheme that defendant RAJINDER SINGH made

materially false, misleading, and deceptive statements to law enforcement officials,

and to Auto Owners Insurance Company and its agents, in an attempt to prevent

law enforcement officials and Auto Owners Insurance Company from discovering

that he had intentionally damaged and attempted to destroy the building located at

1233 S. West Ave., Jackson, Michigan, in which Robinson's Party Store operated,

to wit, he claimed the arson was motivated by race and the belief that he is an

"Arab."

17.    On or about May 20, 2014, in the Eastern District of Michigan, defendant

RAJINDER SINGH, in order to execute the above-described scheme to defraud,

called Auto Owners Insurance Company and its agents to file a claim by reporting

a fire to the building, all in violation of 18 U.S.C. § 1343.

## COUNT FOUR
### (18 U.S.C. § 1512(b) – Misleading Communication to Hinder Investigation of a Federal Offense)

18.    The general allegations in paragraphs 1–4 of this indictment are specifically

re-alleged and incorporated as if they were fully set forth here.

19.    On or about May 21, 2014, in the Eastern District of Michigan, the

defendant RAJINDER SINGH did knowingly engage in misleading conduct

toward another person, Jackson Police Detective Holly Rose, by claiming the fire

at the building located at 1233 S. West Ave., Jackson, Michigan, in which

Robinson's Party Store operated, was caused by neighborhood black males

because of their belief that he is an "Arab," with the intent to hinder, delay, or

prevent the communication to a law enforcement officer of the United States of

information relating to the commission or possible commission of a federal

offense, to wit, malicious use of fire in violation of 18 U.S.C. § 844(i), all in

violation of 18 U.S.C. § 1512(b)(3).

**COUNT FIVE**
**(18 U.S.C. § 1546(a) – Immigration Document Fraud)**

20.　　The defendant RAJINDER SINGH is a citizen of India.

21.　　On or about June 12, 2014, defendant RAJINDER SINGH prepared, or

caused to be prepared, a Department of Homeland Security Form N-400

(Application for Naturalization) in an attempt to become a naturalized United

States citizen.

22.　　Department of Homeland Security Form N-400 is a form promulgated by the

U.S. Department of Homeland Security and is an application and document

required by U.S. immigration laws and regulations prescribed thereunder.

23.　　On or about June 13, 2014, defendant RAJINDER SINGH signed the

Department of Homeland Security Form N-400 below the following certification:

"I certify, under penalty of perjury under the laws of the United States of America,

that this application, and the evidence submitted with it, are all true and correct."

24.     On or about June 12, 2014, defendant RAJINDER SINGH submitted his Department of Homeland Security Form N-400 by mailing it from Jackson, Michigan, to a U.S. government agency known as U.S. Citizenship and Immigration Services in Dallas, Texas.

25.     On or about June 12, 2014, in the Eastern District of Michigan, defendant RAJINDER SINGH did knowingly make under oath and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, to wit, a Department of Homeland Security Form N-400, Application for Naturalization, that in such application he claimed he had never committed, assisted in committing, or attempted to commit a crime or offense for which he had not been arrested, when, in fact, he had conducted the above-described scheme to obtain insurance proceeds for his business and caused the fire at Robinson's Party Store in Jackson, Michigan, all in violation of 18 U.S.C. §§ 1546(a) and 2.

### COUNT SIX
**(18 U.S.C. § 1425(a) – Attempted Unlawful Naturalization)**

26.     The allegations in paragraphs 20–24 of this indictment are specifically re-alleged and incorporated as if they were fully set forth here.

27.    On or about June 13, 2014, in the Eastern District of Michigan, defendant RAJINDER SINGH did knowingly attempt to procure his naturalization contrary to law, all in violation of 18 U.S.C. § 1425(a).

## **FORFEITURE ALLEGATIONS**

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the government hereby provides notice to the defendant of its intention to seek forfeiture of all proceeds, direct or indirect, or property traceable thereto; all property that facilitated the commission of the violations alleged, or property traceable thereto; and all property involved in, or property traceable thereto, of the violations set forth in this indictment.

THIS IS A TRUE BILL.

Dated: March 24, 2015

_s/Grand Jury Foreperson_
Grand Jury Foreperson


BARBARA L. MCQUADE
United States Attorney

_s/Christopher Graveline_
CHRISTOPHER GRAVELINE
Chief, Violent and Organized Crimes Unit

_s/John O'Brien, II_          _s/Shane N. Cralle_
JOHN N. O'BRIEN II          SHANE N. CRALLE
Assistant U.S. Attorney    Assistant U.S. Attorney

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case:2:15-cr-20168<br>Judge: Leitman, Matthew F.<br>MJ: Stafford, Elizabeth A.<br>Filed: 03-24-2015 At 03:14 PM<br>SEALED MATTER (LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comp

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008    [ ]

| **Companion Case Information** | Companion Case Number: 14-CR-20522 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | Judge Assigned: Judge Levy |
| ☒ Yes    ☐ No | AUSA's Initials: *SC* |

Case Title: USA v. <u>Rajinder Singh</u>

County where offense occurred : <u>Jackson County and Elsewhere</u>

Check One:    ☒ **Felony**      ☐ **Misdemeanor**      ☐ **Petty**

   ✓ Indictment/____ Information --- **no prior complaint.**

   ____ Indictment/____ Information --- based upon prior complaint [Case number:           ]

   ____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

Superseding to Case No: _____    Judge: _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

<u>March 24, 2015</u>
Date

John O'Brien, II
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9715
Fax:    313-226-5464
E-Mail address: john.obrien@usdoj.gov
Attorney Bar #: P39912

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.    04/13

AUSA John O'Brien, II 313-226-9715
Special Agent Brian Beardsley, ATF

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America

v.

Rajinder Singh

Case:2:15-cr-20168

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  Rajinder Singh

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Rajinder Singh did knowingly, unlawfully, and intentionally conspire and agree with other persons, to wit, the malicious use of fire to commit a crime; commit wire fraud; and misleading communication to hinder investigation of a Federal Offense.

Date:  March 24, 2015

_____
*Issuing officer's signature*

City and state:  Detroit, MI

LOLITA GRANGER      DEPUTY CLERK
LOLITA GRANGER   *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____   _____  *Arresting officer's signature*  _____  *Printed name and title* |

Distribution:  Original Court – 1 copy U.S. Marshal – 2 copies USA

16

| CJA 23 (Rev. 11/11) | **FINANCIAL AFFIDAVIT** |
|---|---|

**IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE**

IN THE UNITED STATES ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER *(Specify below)*

IN THE CASE OF

**FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y**

FOR

v.

★ MAR 2 1 2015 ★

**LONG ISLAND OFFICE**

| LOCATION NUMBER |
|---|
| |

PERSON REPRESENTED *(Show your full name)*
Rajinder Singh

1 ☑ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

| DOCKET NUMBERS | |
|---|---|
| Magistrate Judge | 15 mj 363 |
| District Court | |
| Court of Appeals | |

CHARGE/OFFENSE *(describe if applicable & check box→)*   ☑ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOY-MENT**

Are you now employed?   ☑ Yes   ☐ No   ☐ Self-Employed

Name and address of employer:   Krispy's Deli

IF YES, how much do you earn per month? $ 1,083.33     IF NO, give month and year of last employment? _____ How much did you earn per month? $ _____

If married, is your spouse employed?   ☐ Yes   ☐ No

IF YES, how much does your spouse earn per month? $ _____     If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?   ☐ Yes   ☐ No

IF YES, give the amount received and identify the sources

| | RECEIVED | SOURCES |
|---|---|---|
| | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |

**CASH**

Do you have any cash on hand or money in savings or checking accounts?   ☑ Yes   ☐ No   IF YES, total amount? $ 200.00

**PROP-ERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   ☑ Yes   ☐ No

IF YES, give value and description for each

| | VALUE | DESCRIPTION |
|---|---|---|
| | $ 150,000.00 | Business in Michigan |
| | $ 200.00 | Checking account PNC |
| | $ _____ | _____ |
| | $ _____ | _____ |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
☑ Single
☐ Married
☐ Widowed
☐ Separated or Divorced

Total No. of Dependents   0

List persons you actually support and your relationship to them
_____
_____
_____
_____

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| Rent | $ | $ 600.00 |
| Mortgage on business | $ 300,000.00 | $ 3,500.00 |
| Credit cards | $ 4,000.00 | $ 115.00 |
| Cell phone | $ | $ 45.00 |
| Bus Transportation | | 50.00 PM |

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF DEFENDANT *Rajinder Singh*
(OR PERSON REPRESENTED)

04/21/2015
Date

# CRIMINAL CAUSE FOR ARRAIGNMENT/REMOVAL HEARING

**BEFORE:** Anne Y. Shields, USMJ    **DATE:** 4/21/15    **TIME START:** 3:00 p.m.  (12 minutes).

**DOCKET #:** MJ-15-363-AYS      **CAPTION:** USA -v-SINGH

**DEFENDANT:** Rajinder Singh      **COUNSEL:** Tracey Gaffey
_X_ Present ____ Not Present _X_ In custody ____ Bail    ___ CJA ___ Retained _X_ Federal Defenders

**GOVERNMENT:** Andrey Spektor      **INTERPRETER:**   N/A
**LANGUAGE:**

```
                                            F I L E D
                                      IN CLERK'S OFFICE
                                 U.S. DISTRICT COURT E.D.N.Y.
                                  ★   APR 21 2015   ★
                                      LONG ISLAND OFFICE
```

**COURT REPORTER:** _____

**PRETRIAL Report Prepared by:** Donna Mackey    _X_ present ____ not present

**FTR:** 3:13-3:25      **COURTROOM DEPUTY:** Mary Ryan

__X__   Defendant arraigned.  Defendant's initial appearance.

_____   Waiver of Speedy Indictment executed:   Time excluded from _____ to _____

_____   Preliminary Hearing Scheduled for: _____ At _____ before _____
Pursuant to Rule 5 of the Federal Rules of Criminal Procedure:
    (1) If the defendant is in custody, the Preliminary Hearing must be scheduled within ten  (10) days of today's date.
    (*Exclude* today's date, and any Saturdays, Sundays, or legal holidays in this computation)
    (2) If the defendant is not in custody, the Preliminary Hearing must be scheduled within twenty (20) days of today's date. (*Exclude* today's date, but include Saturdays,
    sundays, or legal holidays in this computation).

__X__   Identity Hearing Waived.  Waiver of Rule 5 & 5.1 Hearings executed.

__X__   Commitment to Another District executed.

_____   Order Setting Conditions of Release and Bond entered.  Special conditions apply.  See bond for details.

_____   Temporary Order of Detention entered for defendant (s):
_____
    Pursuant to 18 U.S.C. § 3142(f)(2), A temporary Order of Detention may be continued for up to:
    (a) three (3) days upon the Government's motion; or
    (b) five (5) days upon the Defendant's motion.
        (*Exclude* today's date and any Saturday, Sunday, or legal holiday in this computation)

_____   Detention Hearing scheduled for: _____

__X__   Permanent Order of Detention entered for defendant.

_____   Rule 40 Hearing held.

_____   Removal Hearing scheduled for: _____

_____   Status Conference: **TO BE SCHEDULED IN THE**

_____   Defendant(s) _____ continued on Bond.

__X__   Defendant remains in custody.

_____   Defendant released on bond.

**OTHER:  Deft. Passport to be turned over to Pretrial Services in the Eastern District of Michigan following today's proceeding.**

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 21 2015 ★

LONG ISLAND OFFICE

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 15mj 363 |
| Rajinder Singh | ) | |
| *Defendant* | ) | Charging District's Case No. |
| | ) | 15cr 20168 |

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*  **Eastern District of Michigan**.

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑  an identity hearing and ~~production of the warrant~~.

☐  a preliminary hearing.

☐  a detention hearing.

☐  an identity hearing, ~~production of the warrant~~, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  April 21, 2015

Rajinder Singh
*Defendant's signature*

Tracey L. Gaffey
*Signature of defendant's attorney*

TRACEY L. GAFFEY
*Printed name of defendant's attorney*

19

XO94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ APR 21 2015 ★

LONG ISLAND OFFICE

District of ————

| UNITED STATES OF AMERICA | **COMMITMENT TO ANOTHER** |
| v. | **DISTRICT** |

Rajinder Singh

| DOCKET NUMBER | | | MAGISTRATE JUDGE CASE NUMBER | |
| District of Arrest | District of Offense | | District of Arrest | District of Offense |
| EDNY | EDMI | | EDNY 15 mj 363 | EDMI 15 cr 20168 |

CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN

☒ Indictment ☐ Information ☐ Complaint ☐ Other (specify)

charging a violation of  18  U.S.C. § 371, 1343, 1512, 1546

DISTRICT OF OFFENSE  EDMI (Eastern District of Michigan)

DESCRIPTION OF CHARGES:

Arson, wirefraud, conspiracy

CURRENT BOND STATUS:

☐ Bail Fixed at ____ and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

Representation: ☐ Retained Own Counsel ☑ Federal Defender Organization ☐ CJA Attorney ☐ None

Interpreter Required? ☑ No ☐ Yes Language:

**DISTRICT OF**

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| 4/21/15 | s/ Anne Y. Shields |
| Date | United States Judge or Magistrate Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
| | | |

**United States District Court**
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

UNITED STATES OF AMERICA
v.

★ APR 21 2015 ★

_Rajinder singh_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 15 mj 363 BIG ISLAND OFFICE

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

___ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)
  (State or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed)
  that is
  ___ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ___ an offense for which the maximum sentence is life imprisonment or death.
  ___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ___ a felony that was committed after the defendant had been convicted of two or more prior federal offense described in
  18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

___ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

___ (4) The defendant has not rebutted the presumption established by finding Nos.(1). (2) and (3) that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.

**Alternative Findings (A)**

___ (1) There is probable cause to believe that the defendant has committed an offense
  ___ for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. §
  ___ under 18 U.S.C. §924(c).

___ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

✓ (1) There is a serious risk that the defendant will not appear.

___ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by a *preponderance of the evidence/clear and convincing evidence* that no conditions will reasonably assure *defendant's appearance/the safety of the community* because
  ___ defendant lacks substantial ties to the community.
  ✓ defendant is not a U.S. citizen and an illegal alien.
  ___ defendant has no stable history of employment.
  ✓ defendant presented no credible sureties to assure his appearance.
  ___ but leave is granted to reopen and present a bail package in the future.
  ___ defendant's family resides primarily in

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 4/20 , 2015
Central Islip, New York

s/ Anne Y. Shields

_UNITED STATES MAGISTRATE JUDGE_