**FILED  
CLERK**  
6/1/2015  
**U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
The United States of America,   .   Docket #MJ-15-363   (AYS)
                                .
        Plaintiff,              .
                                .   United States Courthouse
            V.                  .   Central Islip, New York
                                .   April 21, 2015
Rajinder Singh,                 .   3:13 p.m.
                                .
        Defendant.              .
.................................
```

TRANSCRIPT OF ARRAIGNMENT COMMITMENT AND DETENTION HEARING
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiff:          Andrey Spektor, Esq.
                            U.S. Attorney's Office, EDNY
                            221A Cadman Plaza East
                            Brooklyn, NY 11201

For The Defendant:          Tracey Gaffey, Esq.
                            Federal Defenders of New York
                            770 Federal Plaza
                            Central Islip, NY 11722

Audio Operator:

Transcribing Firm:          Writer's Cramp, Inc.
                            63 Dakota Drive
                            Hamilton, NJ 08619
                            609-588-8043

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

**Index**

                                                       **Further**
                **Direct  Cross  Redirect  Recross  Redirect**

**Witnesses For The**
 **Plaintiff:**

**Witnesses For The**
 **Defendant:**

**EXHIBITS:**                                                    **Marked  Received**

**THE COURT:**  **Finding**        9

```
1          THE CLERK:  Calling, 15-MJ-363, The United States of
2   America vs. Rajinder Singh.  Please state your appearances for
3   the record.
4          MR. SPEKTOR:  Andrey Spektor for the United States.
5   Good afternoon, Your Honor.
6          THE COURT:  Good afternoon.
7          MS. GAFFEY:  Good afternoon, Your Honor, Tracey
8   Gaffey, Federal Defenders, for Rajinder Singh.
9          THE COURT:  Good afternoon.  We're here today about
10  the proceeding seeking to move the Defendant to the Eastern
11  District of Michigan.  In that District there is an Indictment
12  pending against the individual named Rajinder Singh.  The
13  Court has also issued an arrest warrant from that District.
14  There is a six-count Indictment in the Eastern District of
15  Michigan charging the Defendant there with charges arising out
16  of allegedly setting fire to a building, seeking to collect
17  insurance proceeds from that, hindering an investigation, and
18  also immigration fraud.  And I'll go over very quickly the
19  counts of that Indictment.
20      Count 1 charges the Defendant with conspiracy to violate
21  18 U.S.C. 844(i).  In this case that's charging him with the
22  destruction by fire of a building used in activity affecting
23  interstate commerce.  Count 2 charges the Defendant with the
24  offense of the malicious use of fire.  Count 3 charges the
25  Defendant with wire fraud in connection with an allegedly
```

1  false insurance plan.  Count 4 charges the Defendant with
2  giving misleading communication to a police officer to hinder
3  an investigation.  Count 5 charges the Defendant with
4  immigration document fraud, for making a false statement on a
5  Homeland Security form where he states he never lived at the
6  time of arrest.  And count 6 charges the Defendant with an
7  attempted unlawful naturalization.
8          So this is the proceeding to remove the Defendant there,
9  (indiscern.) before me now to the Eastern District of
10 Michigan.  Let me first ask the Defendant here whether you've
11 had an opportunity to consult with a lawyer.
12              MR. RAJINDER SINGH:  Yes.
13              THE COURT:  Okay.  I want to advise you of certain
14 rights.  First of all, you are here with Ms. Gaffey.  You
15 understand that she is court appointed.  Whether she is court
16 appointed or retained, she is your lawyer, do you understand
17 that?
18              MR. RAJINDER SINGH:  Yes.
19              THE COURT:  Okay.  I want to advise you also of
20 Fifth Amendment rights with respect to the making of any
21 statements.  You need not make any statements.  If you have
22 made a statement, you need not make any more statements.  If
23 you start to make a statement, you can stop at any time, and
24 any statement you make can be used against you.  Do you
25 understand your rights with respect to making statements?

                                                                5

1            MR. RAJINDER SINGH:  Yes.
2            THE COURT:  Okay.  I also want to advise you of
3   certain rights on this removal proceeding.  You have the right
4   to an identity hearing, where it would have to be proven that
5   you are indeed the person named in the Eastern District of
6   Michigan Indictment.  You have the right to waive removal and
7   voluntarily return to the Eastern District of Michigan.  You
8   have the right to plead guilty in this matter in this
9   District, if both U.S. Attorneys agree, and that would be in
10  Michigan and here.
11       Now let me ask defense counsel whether the Defendant
12  waives his right to an identity hearing.
13           MS. GAFFEY:  Yes, he is waiving his right to an
14  identity hearing.
15           THE COURT:  Okay, in that case I'm going to ask the
16  Defendant to please state your name on the record.
17           MR. RAJINDER SINGH:  Rajinder Singh.
18           THE COURT:  Okay, fine.  Now let me ask the
19  Government what its position is on removal.
20           MR. SPEKTOR:  We're seeking that the Defendant be
21  removed in custody.  I've spoken to the AUSA in Michigan and
22  he advised me that if the Court is inclined to grant bail,
23  that he would seek a stay here for 24 hours so the decision
24  could be appealed in that District Court.  We do think he's a
25  flight risk.  He's not a citizen, so he's facing mandatory

```
 1   deportation if he's convicted.  There is a mandatory minimum
 2   of five years for one of the counts, so he has all the
 3   incentive to flee.  He does not have particularly strong ties
 4   to either community here or in Michigan.  He has also
 5   participated in the burning of his own business, so to that
 6   extent he is also a danger to the community.  So for all those
 7   reasons, we are seeking that he be removed in custody.
 8            THE COURT:  Okay, let me hear from defense counsel.
 9            MS. GAFFEY:  Yes, Your Honor.  We have a proposal to
10   make, and I'd just say that according to the pretrial services
11   report, the pretrial services report indicates that he is
12   {quote}{unquote} "bailable".  We're not at this point able to
13   offer property, but also in conjunction with this proposal as
14   well as his tie to the community, his father is in Court and
15   his uncle is in Court.  His father owns a business and we
16   would be proposing that business property; however, he is not
17   the sole owner of that business.  He does inform that last
18   year he did gross over $100,000, so he is a businessman with
19   business assets.  We would propose a $100,000 personal
20   recognizance bond to be signed by Mr. Singh's father.  Mr.
21   Singh's father is in Court with his uncle.  He does have roots
22   in the community.  He is a legal permanent resident.  His
23   family is in the United States, so I would submit that this
24   really lessens any risk of flight that there is.  And he has
25   roots in the community by way of his education, his family,
```

1   his employment, et cetera.  So he is not transient by any
2   nature.  He has roots, and he has roots here.  So I'd ask the
3   Court to set a $100,000 personal recognizance bond to be co-
4   signed by his father, and any other conditions that Your Honor
5   would see fit to employee, such as curfew, travel
6   restrictions, as well as electronic monitoring, which may also
7   help belay any question of risk of flight.
8            THE COURT:  Can I hear from his father?
9            MS. GAFFEY:  Yes, Your Honor, I will ask him to take
10  the podium.
11           THE COURT:  All right, Ms. Gaffey has made certain
12  representations about what you're willing to do in this case.
13  Let me ask you this:  Does your son live with you?
14           MR. SINGH:  Yes, ma'am.
15           THE COURT:  And how long has he lived with you?
16           MR. SINGH:  In 2005 when they moved over here, and
17  no -- from the last day of May, in May 2014, he was here.
18           THE COURT:  So May of 2014.  And where did he live
19  before that?
20           MR. SINGH:  He was temporarily in Michigan.
21           THE COURT:  In Michigan?
22           MR. SINGH:  Yeah.
23           THE COURT:  Okay, and he lived with a relative in
24  Michigan?
25           MR. SINGH:  I'm sorry?

                                                                    8

 1              THE COURT:  Did he live with a relative in Michigan?
 2              MR. SINGH:  No, he lived with himself.  He did rent
 3  an apartment there.
 4              THE COURT:  Okay.  And I understand you own a
 5  business.  Can you tell me about that business?
 6              MR. SINGH:  I have a property in Georgia, Atlanta.
 7              THE COURT:  In --
 8              MR. SINGH:  In Georgia, Atlanta.
 9              THE COURT:  I'm sorry, I didn't --
10              MR. SINGH:  In Georgia.
11              MS. GAFFEY:  Atlanta, Georgia.
12              THE COURT:  Oh, in Georgia.
13              MR. SINGH:  Yeah.
14              THE COURT:  Oh, the property is not here?
15              MR. SINGH:  No, not here.  I have here only the
16  Medallion, the Yellow Cab Medallion I am driving.
17              THE COURT:  The Medallion you're driving.
18              MR. SINGH:  So I own that Medallion.
19              THE COURT:  Do you own a home here?
20              MR. SINGH:  No, Ma'am, I rent.
21              THE COURT:  Okay.  And how would you propose to get
22  your son to Michigan to answer charges?
23              MR. SINGH:  Yeah, I can -- if he -- I can bring him
24  over there definitely, so if they put in the bond, then I can
25  get around.

                        The Court - Finding                           9

1           THE COURT:  Okay, you may be seated.
2           MR. SINGH:  Okay, thank you.
3           THE COURT:  All right, I'll hear from the Government
4    one more time.  Do you want to respond to that?
5           MR. SPEKTOR:  Sure.  It sounds like the Defendant
6    has moved around between Michigan and New York, so I don't
7    know if he suddenly is -- has deep roots in either state.  We
8    appreciate there is one charter, but I think for someone who
9    has a flight risk that the Defendant does facing mandatory
10   deportation and a mandatory sentence of five years, we would
11   at least ask for a number of sureties.  And, you know, for the
12   same reasons, we seek that he be removed in custody, and if
13   Your Honor is inclined to grant bail, that we have a 24-hour
14   stay so that the appeal could be heard in Michigan.
15          THE COURT:  Okay.  I think it might be different if
16   this was the time of the charge in this District and the time
17   (indiscern.) here, but due to the fact that this is something
18   -- this is a removal proceeding and he's charged with time in
19   the Eastern District of Michigan, who have a lot more
20   knowledge of what the Indictment is and the time here, and
21   that they have requested that he should then be removed in
22   custody and taken to the Eastern District of Michigan, given
23   the nature of the time, the lack of -- the dangerousness of
24   the crime, the seriousness of the sentence that he may face in
25   Michigan, and for a minimum the fact that he was not a

1   citizen, I'm going to order that he be taken to the Eastern
2   District of Michigan in custody of the Marshal.  I added onto
3   the order also that he be taken there as soon as practicable,
4   and if there is any delay in that, he can come back to me and
5   we can, you know, hear about that.  But as it is practicable
6   by the Marshal to be dismissed to Michigan.  I'm going to sign
7   the order today then, to the Marshal.  Is there anything else?
8           MR. SPEKTOR:  Not from the Government, Your Honor.
9           MS. GAFFEY:  I just have one question.  I noted in
10  the pre-trial services report that his Indian passport was
11  seized by the case agents.  I'd like to ask that that passport
12  be either turned over to his father or turned over to pretrial
13  services here so we can know where it is so it doesn't get
14  lost in the shuffle, so we know who to contact -- if it's
15  pretrial here, we know who to contact once the case is over to
16  get it back.
17          THE COURT:  Can that be sent to the pretrial people
18  in Michigan?
19          MR. SPEKTOR:  We can give it to pretrial here.  I'm
20  not sure how we would get it to pretrial in Michigan.  I guess
21  we can figure that out.
22          THE COURT:  Well, I understand he needs to know
23  where it is, and so we don't want it getting lost --
24          MR. SPEKTOR:  Of course, of course, and we --
25          THE COURT:  -- (indiscern.).

```
 1          MR. SPEKTOR:  Yeah, and we can talk offline and
 2   we'll certainly give that to him.  Either -- I guess our
 3   preference is to give it to pretrial here since we have the
 4   passport with us now, so that would be the easiest way is to
 5   give it to pretrial in New York.
 6          MS. GAFFEY:  Can you take it?  Because I would
 7   prefer that it go to the Eastern District of Michigan, just
 8   because that's where the case is and that's where he'll stay.
 9          THE COURT:  Okay, well --
10          MS. GAFFEY:  Because we won't have any --
11          THE COURT:  -- can you coordinate with them to get
12   it in their custody?
13          MS. GAFFEY:  I mean, we usually don't do that, but I
14   guess I could look into it.
15          MR. SPEKTOR:  I think we'll put our heads together,
16   we'll figure out --
17          THE COURT:  How hard can that be?
18          MR. SPEKTOR:  Yeah.
19       (Laughter)
20          MS. GAFFEY:  Okay, Judge.
21          THE COURT:  Let's just try not to lose it.
22          MR. SPEKTOR:  Yeah.
23          THE COURT:  I think that's the main thing and I
24   think that's the concern --
25          MS. GAFFEY:  Right.
```

                                                                        12

 1                 THE COURT:  -- that it not get lost between states.
 2                 MS. GAFFEY:  Exactly.
 3                 THE COURT:  Right?
 4                 MS. GAFFEY:  Yes, exactly.
 5                 THE COURT:  Okay, so talk amongst yourselves.  And I
 6      just also want to make the point with respect to anything that
 7      goes on in Michigan, goes on there with respect to any fair
 8      hearings or detention hearings in there, whatever I found here
 9      is strictly upon what I know here in this Courtroom today.  So
10      I'm not saying that there's going to be a lot of weight given
11      that.  I don't think there should be a lot of weight given
12      that in the proceeding in Michigan.  That will be a proceeding
13      that they have on their own over there.
14                 MS. GAFFEY:  Understood, Your Honor, thank you.
15                 THE COURT:  Okay?
16                 MR. SPEKTOR:  Thank you.
17                 THE COURT:  All right, thank you.  There isn't
18      anything else, is there?
19                 MR. SPEKTOR:  Not from the Government.
20                 MS. GAFFEY:  No, Your Honor, thank you.
21                 THE COURT:  Okay, that's it then.
22           (Court adjourned)
23
24
25

```
 1                        CERTIFICATION
 2    I certify that the foregoing is a correct transcript from the
 3    electronic sound recording of the proceedings in the above-
 4    entitled matter.
 5
 6
 7    [signature: Lewis Parham]                        5/29/15
 8
 9    _____            _____
10    Signature of Transcriber                      Date
```